STATEN ISLAND RAPID TRANSIT CO. *v.* MAYOR, ETC., OF THE CITY OF
NEW YORK.

(*Supreme Court, Special Term, New York County.* November 10, 1888.)

1. FERRY—LEASE—PERCENTAGE ON RECEIPTS—REDUCTION OF RATES.

Defendant leased a ferry to plaintiff for a yearly rent equal to 5 per cent. of the gross ferriage receipts. At that time the ferry ran to a point on, and thence along, the opposite shore, and made several stops; the whole fare being 10 cents. Plaintiff afterwards constructed a railway, and thereafter ran its boat to one point only, whence it conveyed passengers by rail, charging 10 cents for the whole trip, or 5 cents each on the ferry and railroad. The evidence showed 5 cents to be a fair apportionment for the ferriage. *Held* that, there being nothing in the lease to the contrary, plaintiff had a right to reduce the ferriage, and defendant was only entitled to a percentage of ferriage receipts calculated on the basis of 5 cents for each passenger carried on the ferry after the railroad was used.

2. SAME—GROSS RECEIPTS—HOW ESTIMATED.

Twenty per cent. of the gross receipts of the ferry and railroad was estimated as the amount of the ferriage receipts, by comparing the returns of the conductors, which, after the settlements were made with defendant, were destroyed. The estimate, which appears reasonable, having been acquiesced in by defendant, who received the rent on that basis for some time, and there being no way of ascertaining definitely the number of persons carried, such settlements will not be disturbed.

3. SAME.

Plaintiff having contracted to carry persons for an amusement company, charging 10 cents ferriage, of which it gave the company 2 cents, must account to defendant for percentage on the full fare of 10 cents.

Action by the Staten Island Rapid Transit Company against the mayor, aldermen, and commonalty of the city of New York, to construe a lease.

*W. W. Macfarland,* for plaintiff. *D. J. Dean* and *W. L. Wersley,* for defendant.

INGRAHAM, J. No objection is taken to the form of this action, and, as I understand the parties, the object is to have a construction of the lease and of the plaintiff's liability under it. The first lease in controversy was executed on the 15th of May, 1883, and thereby the defendants leased to the Staten Island Railroad Company the privilege or franchise to run a ferry from the foot of Whitehall street, in the city of New York, over and across the waters of the New York bay or harbor, to and from Staten island, Richmond county, together with certain wharf property situate in the city and county of New York, for 10 years from May 1, 1883; the lessee paying therefor the yearly rent of a sum equal to 5 per centum on the gross receipts for the transportation of persons, horses, etc., over and upon the said ferry, and, in addition thereto, for the first five years, $5,000, and for the second five years, $10,000. The lease further provides that the lessee will make and deliver to the comptroller of the city of New York, whenever required, a verified statement of the actual gross receipts for ferriages received by the lessee during the term or terms designated by the comptroller, wheresoever collected, and that the lessee shall keep regular books of account, showing the daily gross receipts of the said ferry, and the expenses thereof, and allow the said comptroller to examine the same. At the time the lease was made the ferry-boats ran from New York to Tompkinsville, on Staten island, and then along the eastern shore of the island, making several stops, to Clifton, and the ferriage was 10 cents for each passenger. Prior to March 1, 1886, the Staten Island Railroad Company, with the consent of the comptroller, had assigned the lease to the plaintiff in this action, and subsequent thereto the plaintiff had constructed a railroad on Staten island; and on March 1, 1886, the termination of the ferry was established at St. George, a place on the north shore of the island, and ran its boats to that point only, carrying passengers to other points on the island by its railroad. Since that time the uniform charge on the boats and railroad is 10 cents for each passenger. At about the same time, at St. George, an amusement company established amusement grounds, and, under the arrange-

ment between the ferry company and the amusement company, it was agreed that to all persons visiting the grounds the ferry company should charge 10 cents, of which 8 cents should be retained by the ferry company, and 2 cents paid to the amusement company as a subsidy.   The fare from point to point on the railroad was established by the plaintiff at 5 cents; and in making its returns for the ferriage to the city, upon which the percentage should be collected, it charged itself with 5 cents for each passenger, as ferriage between New York and Staten island, except those passengers carried to the amusement grounds at St. George, for each of which passengers the company charged itself 8 cents, and upon such amounts the 5 per cent. was duly calculated and paid to the city; and these amounts were received by the city as a compliance with the contract, up to January 1, 1888.   Subsequent to January 1, 1888, the defendant claimed that it was entitled to 5 per cent. upon the total amount received by the plaintiff, including the amount charged for transportation on the ferry and on the railroad, and including the 2 cents for each passenger paid to the amusement company, and that the plaintiff not having paid that percentage in full, it claimed to annul the lease.   By the terms of the lease the amount that the defendant was to receive as rent was a sum equal to 5 per cent. of the gross receipts for the transportation of passengers, etc., over and upon the said ferry.   There is no provision in the lease that would prevent the plaintiff from reducing the fare for ferriage to 5 cents, and so reduce the revenue coming to the defendant.   The defendant's claim, as stated in the brief submitted, is that "they are entitled to percentage upon the gross receipts from persons crossing the ferry," but that is not the basis upon which the lease provides that the rent should be calculated.   There is nothing in the lease that prevents the plaintiff from charging to those going to St. George 10 cents for ferriage, and for those going beyond, 5 cents on the ferry.   Nor is there any reason why such a discrimination should impose upon the plaintiff the burden of paying to the city a percentage upon the amount received by it for railroad transportation.   The evidence shows that the apportionment is, considering the expenses of the railroad and ferry, a reasonable one, and I can see no provision in the lease which would entitle the defendant to a percentage upon the amount charged to passengers for railroad transportation.

By the eighteenth statement of fact it is provided that on all passenger business between St. George and New York city the defendant has received its percentage upon 10 cents for each passenger carried over the ferry between these points, except as to such passengers as went to the amusement grounds at St. George; and as to those latter passengers, each of whom paid 10 cents for ferriage from or to St. George, to or from New York city, the defendant's percentage has been calculated and paid upon 8 cents, instead of 10 cents, for each of such passengers, and 2 cents for each passenger has been paid by the plaintiff to the Staten Island Amusement Company, Limited, as a subsidy.   It is here admitted that each of the passengers that went to the amusement grounds paid 10 cents for ferriage; and, as the lease provides that the percentage of the city is to be calculated upon the gross receipts for the transportation of passengers, etc., over and upon the said ferry,—and I can see no reason why the amount paid for ferriage is not the gross amount received for the transportation of persons using the ferry,—whether the company paid the amount it received to the amusement company or to its stockholders is entirely immaterial, so far as the city is concerned.   It was entitled to its percentage upon the gross receipts for transportation; and, under the form of the admission here, the company received the amount of 10 cents from each passenger for transportation upon the ferry.   As to the percentage on the receipts for passengres carried over the old railroad, it appears that the estimate of the 20 per cent. of gross earnings on both ferry and railway, as the amount paid for ferry transportation, was obtained by a comparison of the re-

turns of the conductors, which, after the settlements with the city, were destroyed. I see no reason to doubt that the proportion of 20 per cent. of the gross receipts from passengers carried over both ferry and railroad was fair, and allowed the city all that it was entitled to. As before stated, these amounts had been paid by the plaintiff to the city for a considerable period, and received by the city without objection, and it would be extremely unfair now to throw upon the plaintiff any additional burden because, at this late day, it is unable to prove the exact number of persons carried over its ferry. From the facts before me I think the lease should be construed as indicated in the foregoing opinion. The form of the judgment to be entered can be settled on notice.